## No. 7837.

### JAMES HORACE DUCOTÉ VS. LOUIS V. GRÉMILLION.

In a contestation for office, under the provisions of Act No. 24.of the Legislature of 1877, the· plaintiff must file with his suit a "petition *signed* by at least twenty voters of the parish,. praying the court to examine the facts and decide thereon."

This requirement of the law is imperative, and a certified copy of such a petition (the origi-· nal of which was filed by the same plaintiff in another suit), will not support his case.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Voist*, J.

Olivier O. Provosty and L. J. Ducoté for plaintiff and appellant :

A certified copy of the petition of twenty voters, required by Act of· 1877, the original of which is filed in another suit between the same parties, fulfills entirely the purpose of the law. The objection to· the copy of such a petition is purely technical. All that the statute· requires is that the election of public officers should not be contested on frivolous grounds, and that there should be before the· court *evidence* of the gravity of the facts upon which the contest is . based, as a prerequisite of the plaintiff's suit.

Thomas Overton, A. B. Irion, Frith & Edwards, and H. C. Edwards. for defendant and appellee :

The law of 1877, which requires that a petition of twenty voters at least. should be filed with plaintiff's suit for the contestation of a public;

office, is sacramental and imperative, and should be strictly observed. The proceeding is one of public order, and the required petition is the very basis of it. No substitute in the shape of a copy can support the plaintiff's suit. 5 An. 733.

---

The opinion of the court was delivered by

Poché, J. This is a contest for the office of clerk of the district court for the parish of Avoyelles.

At the general election held on the 2d December, 1879, the parties to this suit were competing candidates for that office, and defendant Grémillion was returned as elected.

Plaintiff Ducoté, complaining of irregularities, frauds, and other illegalities alleged to have been perpetrated at the election, in the interest of his opponent, and which, he alleges, changed the result of the election, instituted a suit in contest on the 10th of December, 1879 ; and, subsequently, on the 27th of January, 1880, he filed another petition in the same court, on the same cause of action, and containing substantially the same allegations, which suits numbered, respectively, Nos. 6059 and 6064 on the docket of the district court.

In the first case, defendant filed an answer and general denial.

In the second suit, he filed an exception, in which he urged the following grounds for the dismissal of the action :

First. The pendency of another suit, before the same court, between the same parties, for the same object, and growing out of the same cause of action.

Second. That the allegations of the petition are too vague and indefinite.

Third. That the petition is not accompanied by a petition of voters, joining in the contest, as required by law.

Fourth. That the petition discloses no cause of action.

Fifth. That, from the allegations of the petition, it does not appear that any voters offering to vote were hindered from so doing.

The second case alone was tried, the exception was maintained, and the cause was dismissed by the lower court, on the ground that the petition of voters, annexed by plaintiff to his petition of contest, was not signed by the voters themselves, as the law requires ; from which judgment plaintiff prosecutes the present appeal.

It appears from the evidence that the petition of voters presented by Ducoté, with the second petition filed by him, was not, and did not even purport to be, signed by the voters in whose name it was presented, but was merely a certified copy of the petition of voters filed in the suit instituted on the 10th of December, 1879.

Therefore, in the case at bar, plaintiff's petition of contest was not

accompanied by "a petition *signed* by at least twenty voters of the parish, praying the court to examine the facts and decide thereon ;" as is imperatively required by law in Act No. 24 of the Legislature, approved March 1st, 1877. The voters who signed the petition which was filed with the first suit, No. 6059, did not, and could not in law, contemplate the use of the same in a subsequent contest, and *non constat* that these voters, or the required number of other voters, would have signed a petition for use in the second suit. It follows that plaintiff's action lacks a vital element, the omission of which is fatal to his cause.

This view of the case precludes the necessity of passing over the other grounds of exception urged by defendant.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed with costs.